UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
GERALDINE BROOKS,
                Plaintiff,

       -against-

KILOLO KIZAKAZI,
*Commissioner of Social Security*,

                Defendant.
------------------------------------x

MEMORANDUM DECISION
AND ORDER

20 Civ. 7750 (GBD) (JLC)

GEORGE B. DANIELS, United States District Judge:

    Plaintiff Geraldine Brooks brought this action pursuant to the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), for the review of a determination by the Commissioner of Social Security that she does not qualify for Social Security Disability benefits ("SSD") and supplemental security income ("SSI"). (Compl., ECF No. 1.) The parties cross-moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (*See* Brooks Mot. for J. on the Pleadings, ECF no. 20; Comm'r Mot. for J. on the Pleadings, ECF No. 29.)

    Before this Court is Magistrate Judge James L. Cott's January 25, 2022 Report and Recommendation, ("Report," ECF No. 35), recommending that Plaintiff's motion for remand to the Social Security Administration be granted and Commissioner's motion to uphold its decision be denied.[1] (*Id.* at 1.) In his Report, Magistrate Judge Cott advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 48-49); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Commissioner declined to file any objections. (*See* Comm'r Letter, ECF No. 38.) Having reviewed the Report for clear error

---

[1] The relevant procedural and factual background is thoroughly set forth in the Report and is incorporated herein.

and finding none, this Court ADOPTS the Report in full and remands the action to the Social Security Administration for further administrative proceedings in accordance with this decision.

## I. LEGAL STANDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). "In clear error review, a court should reverse a finding only if it is 'left with the definite and firm conviction that a mistake has been committed,' and not merely if it 'would have decided the case differently.'" *Hernandez v. City of New York*, No. 11 Civ. 6644 (KPF) (DF), 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

A motion for judgment on the pleadings should be granted if the pleadings make clear that the moving party is entitled to judgment as a matter of law. *See Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999). However, the Court's review of the Commissioner's decision is limited to an inquiry into whether the correct legal standards were applied and whether there is substantial evidence to support the findings of the Administrative Law Judge ("ALJ"). *See Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009). "[A]n ALJ's failure to apply the correct legal standard constitutes reversible error if that failure might have affected the disposition of the case." *Lopez v. Berryhill*, 448 F. Supp. 3d 328, 341 (S.D.N.Y. 2020) (citing Kohler, 546 F.3d at 265). Substantial evidence is more than a mere scintilla. *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004). It requires the existence of "relevant evidence as a reasonable mind might accept as adequate to support a conclusion," even if there exists contrary evidence. *Id.* (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). This is a "very deferential standard of review." *Brault v. Soc.*

*Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012). The Court may not determine *de novo* whether Plaintiff is disabled but must accept the ALJ's findings unless "a reasonable factfinder would have to conclude otherwise." *Id.*

## II. PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS IS GRANTED

Plaintiff claims that she was disabled because of arm mobility problems, arm pain, anemia, mental problems, eye problems, high blood pressure, and a learning disability." (Report at 2.) The ALJ found that while Plaintiff suffered from "asthma, osteoarthritis in multiple sites, right arm impairment, obesity, depressive disorder and bipolar disorder," she was not disabled and could "perform light work" — jobs that exist in the national economy. (*Id.* at 31-35.) The ALJ then concluded that Brooks was not entitled to SSD or SSI. (*See* Report at 31-35.) Magistrate Judge Cott recommended remand because the ALJ failed to assess all the medical evidence available, made unsubstantiated factual findings, developed an inadequate record, and posed an improper hypothetical to an expert. (Report at 35.)

The Magistrate Judge did not commit clear error in finding that the ALJ failed to assess all the medical evidence available when assessing Brooks' mental impairment. The new SSA regulations require that an ALJ evaluate "the 'supportability' and 'consistency' of each submitted [medical] opinion." *Velasquez v. Kijakazi*, No. 19-CV-9303 (DF), 2021 WL 4392986, at *25 (S.D.N.Y. Sept. 24, 2021) (citing 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c)). A court can remand an ALJ's decision for selectively choosing medical evidence or mischaracterizing the evidence. *See Id.* at 27 ("[M]ultiple district courts that have reviewed ALJ decisions under the new SSA regulations have remanded cases where the evidence supporting or consistent with a rejected medical opinion was ignored or mischaracterized.) The Report correctly found that "the ALJ relied almost entirely on two consultative examinations," both of which significantly precede the date in which Brooks ceased any form of employment. (Report at 36.) This resulted in a

3

myopic decision by the ALJ that ignored pertinent opinions from Nurse Decamp (Brooks' psychiatric treating source) and Dr. Schiach (a consultative psychologist), which provided evidence supporting a disability claim. (*See Id.* at 36-37.) The Magistrate Judge also correctly found that the ALJ's decision improperly set aside Brooks' own testimony, which supported and was consistent with Decamp's and Schiach's medical opinions. (*Id.* at 37-38.) Thus, the ALJ's decision falls short of the promulgated rules requiring the ALJ to consider the supportability and consistency of all available medical evidence.

The Magistrate Judge also did not err in finding that the ALJ's determination as to Brooks' residual functional capacity ("RFC") was unsubstantiated. "The Social Security Administration has outlined a 'five-step, sequential evaluation process' to determine whether a claimant is disabled[.]" *Estrella v. Berryhill*, 925 F.3d 90, 94 (2d Cir. 2019) (citations omitted); 20 C.F.R. § 404.1520(a)(4). (*See* Report at 22.) Part of this inquiry may include determining whether the claimant has some type of RFC "to perform his or her past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv). (Report at 24.) In assessing Brooks' RFC, the ALJ discredited certain medical opinions supporting Brooks' claim in part because the ALJ found that there was not any evidence to support such a position. However, Brooks' treatment records were in fact consistent with and supported the discredited medical reports. (*See* Report at 38-39.) For example, "[t]he ALJ discredited Nurse Decamp's opinion of Brooks' 'marked' limitations because it was "not supported by the treating notes showing that when [Brooks] is on medications, her mood is stable and she has mental status examinations which are within normal limitations." (Report at 40.) But the record included, "outpatient treatment records from 2018 to 2019 consistently demonstrate[ing] that even when Brooks was fully or partially compliant with her medication, she continued to feel depressed, experience mood swings, present a disheveled appearance, and have

4

a sad, worried, and labile affect." (*Id.*) Instead of reconciling this, the ALJ "improper[ly] substituted…her own lay opinion." (Report at 41.) The ALJ's failure "to account for objective medical evidence in the record, as well as Brooks' subjective complaints," resulted in an unsubstantiated decision. (Report at 42.)

Not only did the Magistrate Judge correctly find that the ALJ disregard medical evidence in a dereliction of duty and make unsubstantiated findings, but the ALJ additionally failed to adequately "develop the record regarding Brooks' physical impairments." (Report at 42-43.) Specifically, the Report correctly noted that remand is appropriate because the ALJ should have sought a functional assessment. (Report at 44.) An ALJ should seek a functional assessment of a claimant's physical ability "if any obvious gap in the record exists." *Romero v. Commissioner of Soc. Sec.*, No. 18-CV-10248 (KHP), 2020 WL 3412936, at *12 (S.D.N.Y. June 22, 2020). There were only two functional assessments of Brooks on the record – (1) a 2017 assessment that predated Brooks' cessation of employment and reported arm fracture; (2) a favorable assessment from 2019. (Report at 43.) The ALJ's decision relied on the 2017 assessment and discredited the 2019 assessment. (Report at 43.) This left an "obvious gap in the record" from the relevant time period in which Brooks became injured and stopped working. (Report at 44.) Thus, "the ALJ should have requested a[n] [additional] functional assessment of Brooks' physical impairments." (Report at 44.)

As the Report correctly states, these mistakes by the ALJ were not harmless. (Report at 47.)[2] The ALJ either disregarded, unsubstantiated, or did not develop the requisite facts, all of which support a reversed outcome. For example, "if the ALJ had credited Nurse Decamp's

---

[2] The Report also points out the fact that the ALJ posed an improper hypothetical to a vocational expert. Given the ALJ's mistakes, any hypothetical posed by the ALJ invariably had a strong possibility of being misleading.

5

opinion, she would have found that there were no jobs in the national economy that Brooks could perform." In short, the disregarded medical evidence weighed in favor of finding that Brooks had a disability, unsubstantiated findings suggest an improper basis for ruling against Brooks, and no decision should be upheld when there is a failure to develop the record. (*See* Report at 47.) (Report at 47.) Thus, remand is proper in this case.

## CONCLUSION

Magistrate Judge Cott's Report and Recommendation is ADOPTED IN FULL. The Plaintiff's motion for judgment on the pleadings is GRANTED; the Commissioner's motion for judgment on the pleadings is DENIED. The case is remanded to the Social Security Administration for further proceedings consistent with this opinion. The Clerk of Court is directed to terminate the motions, (ECF No. 20 and 29), accordingly.

Dated: New York, New York
      March 10, 2022

SO ORDERED.

*George B Daniels*

GEORGE B. DANIELS
United States District Judge